**UNITED STATES of America, Plaintiff,**

v.

**Donn Walter FURMAN, Defendant.**

**No. F–1169 Cr.**

United States District Court, E. D. California.

March 3, 1972.

William R. Allen, Asst. U. S. Atty., Fresno, Cal., for plaintiff.

William T. Richert, of Fullerton, Lang & Richert, Fresno, Cal., for defendant.

### MEMORANDUM AND ORDER

CROCKER, District Judge.

Defendant was found guilty of refusing to submit to induction by a jury, and his motion for acquittal was submitted on written briefs. William R. Allen, Assistant U. S. Attorney, appeared for the Government; William T. Richert, Esq., appeared for defendant.

Defendant's motion is based on illegal call and no basis in fact for his classification.

Defendant cites Crowley v. Pierce, 4 S.S.L.R. 3118 (M.D.Florida 1971) as the basis of illegal call, arguing that since his appeal from his 1–A classification was pending on December 31, 1970, defendant was not in 1–A or any other classification on December 31, 1970.

---

**314**

Here, defendant has been in 1–A since December 10, 1969, and although the appeal board did not act upon his appeal until January 7, 1971, he remained in 1–A until changed to another classification. Thus he was in 1–A on December 31, 1970, and was properly placed in the extended priority group as he met all the other requirements.

Defendant urges "no basis in fact" for denial of C.O. claim.

Although the appeal board did not state its reasons for retaining defendant in 1–A, its reasons can be determined from the agency record with reasonable certainty, and defendant had notice of them as they are basically the ones given by the local board: to wit, "not sincere—too late filing, conflicting statements."

Although insincerity is a subjective state of mind, there are many things in defendant's Selective Service file that would justify that finding by the appeal board, such as:

1. Defendant 1–A, 12–10–69 and first request for C.O. form 7–6–70.

2. Did not return C.O. form to local board until 8–31–70.

3. Personal appearance before board 2–11–70 and did not mention C.O.

4. Defendant's letter of 3–12–70 to local board does not mention C.O. but asks to finish college before fulfilling military obligation.

5. Crossed out "religious training" as reason for C.O. claim on form 150 and at personal appearance before local board stated his C.O. opinions were based on religious training.

6. At personal interview told local board that "he couldn't be involved in *present* war."

Therefore, defendant's motion for acquittal is denied and he should report to the Probation Officer so a presentence report can be prepared.